UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF LOUISIANA

| | |
|---|---|
| SEQUOIA DECK & FENCE, LLC | CIVIL ACTION NO. |
| Plaintiff | |
| | JUDGE |
| v. | |
| | MAGISTRATE JUDGE |
| SEQUOIA SUPPLY CO., INC. | |
| | SECTION "__" (__) |
| Defendants | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff Sequoia Deck and Fence, LLC ("Plaintiff") submits this Complaint for

Trademark Infringement against Defendant Sequoia Supply Co., Inc. ("Defendant").

### NATURE OF ACTION

Since 1994, Plaintiff Sequoia Deck & Fence, LLC and its predecessors have provided

goods and services to deck and fencing customers under the SEQUOIA brand name.  This

litigation is the result of Defendant's fraudulent attempt at trademark misuse meant to intimidate

and coerce Plaintiff into abandoning its legitimate trademark rights and paying monies to

Defendant that are not owed.  Just weeks ago, Defendant sent Plaintiff a cease and desist letter

alleging (i) use of the mark SEQUOIA since 1975; (ii) ownership of a 1977 federal trademark

registration for SEQUOIA; and, (iii) ownership of a 1995 federal trademark registration for

SEQUOIA.  The representations made in Defendants' letter are false.  Defendant has not used

the SEQUOIA mark since 1975.  Defendant never owned a 1977 trademark registration.

Defendant never owned a 1995 trademark registration.  Rather, documents filed with the United

States Patent and Trademark Office are clear that Defendant did not begin using the term

SEQUOIA until 2004 -- a decade *after* Plaintiff's first use.  Ironically, it is the Defendant who is

infringing on Plaintiff's superior trademark rights.  More troubling is the false nature of the representations made by Defendants in an attempt to cause Plaintiff to stop using the SEQUOIA trademark and to pay Defendant money.

Plaintiff files this Complaint seeking a declaratory judgment that Plaintiff is not infringing on any trademark rights that Defendant may hold.  Plaintiff also seeks monetary damages and injunctive relief on the grounds that Defendant's use of the SEQUOIA mark constitutes federal and state trademark infringement.  Lastly, Plaintiff asserts causes of action for federal unfair competition, state unfair trade practices, and fraud arising out of the false representations in Defendant's cease and desist letter.

## THE PARTIES

1.      Plaintiff Sequoia Deck & Fence, LLC ("Plaintiff") is a Louisiana liability company.

2.      Plaintiff owns and operates a retail store and an online retail store which sell services designing and installing decks, fences, and related structures, and also sells decking and fencing products.

3.      Defendant Sequoia Supply Co., Inc. ("Defendant") upon information and belief is a Pennsylvania Corporation.

4.      On information and belief, Defendant also owns and operates one or more retail stores and an online retail store which provide substantially the same services and goods as Plaintiff.

5.      Both Plaintiff and Defendant sell their services and products in interstate commerce.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, *et seq.*, 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 [actions arising under the Federal Trademark Act]; 28 U.S.C. §§ 1338(a) and (b) [acts of Congress relating to trademarks]; and, 28 U.S.C. §1367(a) [supplemental jurisdiction over related actions arising under state law].

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (b) (2) and (c)(2) because Defendant is subject to personal jurisdiction in this District. The District has personal jurisdiction because Defendant transacts business in this District, has committed tortious acts in this District, and has engaged in activities in this District that subject them to the jurisdiction of this Court.

## PLAINTIFF'S USE OF THE MARK

8.      Plaintiff's principal, Garrett Haab, has been using the mark SEQUOIA since at least 1994 to identify his services designing and installing decks, fences, and related structures.

9.      Over the years, Mr. Haab has expanded the services offered under the mark SEQUOIA to include retail services, namely offering construction materials for sale.

10.     Sequoia Deck and Fence, L.L.C. is a successor to Sequoia Deck Company which, in turn, is a successor to Garrett Haab's sole proprietorship business known as Sequoia.

11.     Plaintiff has been very successful.  The company is widely known for offering services and goods related to the deck and fencing business under the mark SEQUOIA.

## DEFENDANT'S TRADEMARK MISUSE

12.     On or around December 15, 2014, Plaintiff received a cease and desist letter ("C&D Letter", attached as Exhibit A).

13.    The C&D Letter is replete with misrepresentations which exaggerate the trademark rights owned by defendant.

14.    The C&D Letter claims that "Sequoia Supply has been using the Sequoia® mark in connection with decking and lumber since 1975."  That statement is false.

The C&D Letter also states that "[Sequoia] has held relevant trademarks since 1977 (Sequoia Supply word and design, No. 1,076,430, registered November 1, 1977.  This statement is false.  Trademark Registration No. 1,076,430 was obtained by a third party wholly unrelated to Defendant; Defendant has never owned any right or interest in the 1,076,430 registration.  Furthermore, the 1,076,430 registration was been terminated because the third-party owner abandoned its rights at least by 1998.

15.    The C&D Letter also claims that Defendant owned U.S. Trademark Registration No. 2,282,744 which was purportedly "registered October 5, 1995"  This statement is false.  Trademark Registration No. 2,282,744 was obtained in 1999 by a third-party wholly unrelated to Defendant.  Indeed, Defendant initiated proceedings with the Trademark Trial and Appeal Board to have Reg. No. 2,282,744 cancelled and, in 2007, the registration was cancelled.

16.    On information and belief, Defendant authorized its counsel to knowingly make the fraudulent statements in the C&D Letter.

17.    Defendant appears to be the owner of U.S. Trademark Reg. No. 3,519,095 for the term SEQUOIA; but, the Registration acknowledges that Defendant did not use the SEQUOIA mark until 2004 – a full decade after Plaintiff and its predecessors used the mark.

18.    Defendant appears to be the owner of a federal registration for the mark SEQUOIA OUT BACK; but, the Registration acknowledges that Defendant did not begin using this mark until 2007.

19.    Between Plaintiff and Defendant, Plaintiff began using the SEQUOIA mark approximately ten (10) years prior to Defendant's first use.  As a result, Plaintiff has superior rights to use the mark.

20.    Defendants' fraudulent statements that it has used the SEQUOIA mark since 1975, has held a 1977 federal registration, and has held a 1995 registration, were meant to establish that Defendant was the first user of the SEQUOIA trademark.  Those statements are false and were made to improperly coerce, through intimidation, Plaintiff into relinquishing its valuable trademark rights.

21.    The C&D Letter improperly demands that Plaintiff cease its use of the SEQUOIA mark.

22.    The C&D Letter improperly demands that Plaintiff provide to Defendant "an accounting of all sales made since first use of the word 'Sequoia.'

## PRIORITY AND LIKELIHOOD OF CONFUSION

23.    By way of its earlier use, Plaintiff owns exclusive rights in the mark SEQUOIA when used in connection with services designing and installing decks, fences, and related structures, and also selling decking and fencing products.

24.    The similarity in the names of Defendant's marks SEQUOIA and SEQUOIA OUT BACK and Plaintiff's mark SEQUOIA, as well as the sale of identical products and services, are likely to cause confusion, mistake and deception among those familiar with Plaintiff's goods and services.

25.    Consumers are likely to believe that Defendant's SEQUOIA products and services are licensed, approved, sponsored by, or somehow otherwise affiliated with Plaintiff.

26.    Such confusion is and will be extremely damaging to Plaintiff.

27.     Plaintiff will be continue to damaged by Defendant's continued use of the mark SEQUOIA in connection with sale of similar goods and services.

## COUNT I
## DECLARATORY RELIEF

28.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27, as though fully set forth herein.

29.     A dispute has arisen between the parties, and an actual and justiciable controversy exists, in that Defendant asserts, and Plaintiff denies, that Plaintiff's use of the mark SEQUOIA infringes upon Defendant's SEQUOIA trademarks.

30.     Defendant has threatened to take legal action against Plaintiff if it continues to sell its products and services under the mark SEQUOIA, and Defendant has requested the take down of Plaintiff's website and social medial sites that use or incorporate the mark SEQUOIA.

31.     Plaintiff continues to attempt to sell and advertise its products and services at its retail store and on the internet under the threat of legal action by Defendants.

32.     Plaintiff continues to sell and advertise its products on its website under the threat by Defendant to transfer its website domain name to Defendant under the Uniform Domain Name Dispute Resolution Policy ("UDRP").

33.     Plaintiff seeks to continue sell and advertise its products on its Facebook Page under the threat by Defendant that it will notify Facebook that Plaintiff is violating its trademark rights.

34.     Plaintiff requests a judicial determination and declaration by this Court that its use of the mark SEQUOIA does not infringe upon any trademark interest of Defendant.

35.     Plaintiff has no other existing, speedy, adequate, or proper remedy other than a declaration of the parties' rights as prayed herein.

## COUNT II
### FEDERAL TRADEMARK INFRINGEMENT

36.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 36, as though fully set forth herein.

37.     In Plaintiff's second ground for relief, Plaintiff alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     Plaintiff's SEQUOIA mark is an unregistered trademark which identifies the source of goods and services provided by Plaintiff under the mark SEQUOIA.

39.     Plaintiff is the senior user of the mark SEQUOIA in connection with the goods and services at issue in this lawsuit.

40.     Defendant's unauthorized and infringing use of the mark SEQUOIA is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's goods by Plaintiff. The consuming public and the trade are likely to believe that Defendant's goods originate with Plaintiff, are licensed, sponsored, or approved by Plaintiff, or in some way are connected with or related to Plaintiff.

41.     Defendant's unauthorized and infringing use of the mark SEQUOIA constitutes intentional and willful infringement of Plaintiff's rights in and to its mark SEQUOIA in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
### FEDERAL UNFAIR COMPETITION

42.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 41, as though fully set forth herein.

43.     In Plaintiff's third ground for relief, Plaintiff alleges violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     Defendant's unauthorized use of the Plaintiff's mark SEQUOIA, as alleged herein, constitutes use of a false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes, and represents the origin of Defendant's services as originating from or being connected with Plaintiff, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendant's affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     These acts have occurred in interstate commerce and have caused, and unless restricted by the Court will continue to cause, serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy of law.

## COUNT IV
## STATE TRADEMARK INFRINGEMENT

46.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 46, as though fully set forth herein.

47.     In Plaintiff's fourth count, Plaintiff alleges violation of LA. REV. STAT. § 51:222, trademark infringement.

48.     Defendant's use, without the consent of Plaintiff, of designations identical or substantially indistinguishable from Plaintiff's mark SEQUOIA to offer and advertise goods and services identical to those offered by Plaintiff is likely to cause confusion, mistake, or deception as to the source or origin of such goods and services, and comprises trademark infringement under LA. REV. STAT. § 51:222.

49.     As a direct and proximate result of Defendant's infringement, Plaintiff has been damaged, and unless Defendant is restrained by the Court, Plaintiff will continue to suffer serious irreparable injury.

50.    Pursuant to LA. REV. STAT. § 51:223, Plaintiff is entitled to recover from Defendant, all profits derived from, and all damages sustained by Plaintiff as a result of Defendant's aforesaid acts. Plaintiff is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

51.    Pursuant to LA. REV. STAT. § 51:223, Plaintiff is entitled to an order, temporarily restraining, and preliminarily and permanently enjoining Defendant from further use, display or sale of goods or services bearing or associated with Plaintiff's mark SEQUOIA.

## COUNT V
### UNFAIR TRADE PRACTICES

52.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 51, as though fully set forth herein.

53.    In Plaintiff's fifth count, Plaintiff alleges violation of LA. REV. STAT. § 51:1401 *et seq.*, for unfair methods of competition and unfair and deceptive acts or practices.

54.    Defendant's activities comprise unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade and commerce, in violation of LA. REV. STAT. § 51:1405, and to Plaintiff's irreparable harm.

55.    Pursuant to LA. REV. STAT. § 51:1409, Plaintiff is entitled to recover from Defendant all actual damages sustained by Plaintiff as a result of Defendant's prior acts. Plaintiff is unable to ascertain, at present, the full extent of the monetary damages it has suffered.

56.    Unless enjoined, Defendant's unfair methods of competition, and unfair and deceptive acts and practices will cause Plaintiff further irreparable harm, and Plaintiff is entitled to injunctive relief, pursuant to, inter alia, LA. REV. STAT. §§ 51:1407 and 51:1408.

## COUNT VI
## FRAUD

57.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 56, as though fully set forth herein.

58.     The statements made by Defendant and its counsel in regards to its prior use and ownership of trademark registrations regarding the mark SEQUOIA were false statements of fact.

59.     At the time of the communications, Defendant and its counsel knew of the falsity of the statements.

60.     Defendant and its counsel made the false statements to improperly coerce Plaintiff, through intimidation, into relinquishing valuable trademark rights.

61.     Defendant is liable for punitive damages arising from its fraudulent statements insofar as its conduct in furtherance of its scheme to coerce and intimidate Plaintiff into relinquishing its valuable trademark rights amounted to egregious and reckless conduct.

## PRAYER FOR RELIEF

62.     A Declaratory Judgment that Plaintiff's use of the mark SEQUOIA does not infringe upon any exclusive trademark rights owned by Defendant;

63.     A preliminary and permanent injunction enjoining Defendant and all those in concert with Defendant from making false claims that Plaintiff is infringing on Defendant's trademark interests in the mark SEQUOIA;

64.     A preliminary and permanent injunction against continued infringement of Plaintiff's SEQUOIA trademark by Defendant and all persons operating in concert with Defendant;

65.     Any and all ascertainable damages cause by the unlawful acts of Defendant, as determined by trial;

66.     An assessment of interest on the damages;

67.     An award of plaintiff's costs, expenses and attorney fees in this action; and,

68.     Such other and further relief as the Court deems appropriate.


Respectfully submitted,

 /s/ Greg Latham
Gregory D. Latham, Bar No. 25955 (T.A.)
Kent Barnett, Bar No. 33002
INTELLECTUAL PROPERTY CONSULTING, LLC
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
Phone: (504) 322.7166
Fax: (504) 322.7184
glatham@iplawconsulting.com
kbarnett@iplawconsulting.com

          - and -

Joseph S. Piacun, Bar No. 25211
GENNUSA, PIACUN & RULI
4405 North I-10 Service Road, Suite 200
Metairie, Louisiana 70006-6564
Phone: (504) 455-0442
Fax: (504) 455-7565
jpiacun@gprlawyers.com


*Attorneys for Sequoia Deck and Fence, LLC*